UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Criminal No. 18-10297-LTS |
| DEREK MOORE, | ) ) | |
| Defendant. | ) ) ) | |

ORDER ON MOTION FOR JUDICIAL DETERMINATION OF EXPIRATION DATE OF COMMITMENT ORDERED PURSUANT TO 18 U.S.C. § 4241(d) (DOC. NO. 98)

January 15, 2020

SOROKIN, J.

On July 19, 2019, Defendant Derek Moore was found by the Court to be not competent to stand trial. Doc. No. 87. The Court subsequently issued a commitment order pursuant to 18 U.S.C. § 4241(d) on August 7, 2019. Doc. No. 91. After receiving local examinations, Defendant Moore was admitted to the Federal Medical Center in Butner, North Carolina on November 19, 2019. Doc. No. 104. Now before the Court is Defendant Moore's request that the Court make a judicial determination that his period of confinement pursuant to § 4241(d) expires on December 7, 2019, four months after the Court ordered his confinement. Doc. No. 99. The government failed to file any response to this motion until ordered to do so by the Court. Doc. No. 101.

While the First Circuit has not yet construed the relevant language of § 4241(d), multiple federal courts have held that "[t]he plain language of § 4241(d) provides that the four-month period of evaluative commitment begins on the date of hospitalization." United States v.

Villegas, 589 F. App'x 372, 373 (9th Cir. 2015); see also United States v. Magassouba, 544 F.3d 387, 410 (2d Cir. 2008) (holding that "the Attorney General did not actually 'hospitalize the defendant for treatment,' 18 U.S.C. § 4241(d), until [the date] when Magassouba was admitted to Butner");[1] United States v. Wills, No. 2:18-CR-00289, 2020 WL 53850, at *3 (S.D.W. Va. Jan. 3, 2020) ("The court concludes that the time period for conducting the evaluation did not begin to run until the defendant arrived at FMC Butner[.]"); United States v. Giorella, No. CRIM. 09-CR-00041-PA, 2009 WL 4016631, at *2 (D. Colo. Nov. 17, 2009) (holding that "the four-month period for restoration of competency began . . . when [the Defendant] arrived at FMC Carswell"). Defendant Moore cites no authority to the contrary. Accordingly, Defendant Moore's motion is DENIED.

SO ORDERED.

/s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge

---

[1] Although the government's second response cited Magassouba, inexplicably, it did not quote the portion of the decision squarely resolving—in the government's favor—the question put to the Court by Defendant's motion. Doc. No. 104 at 3.