UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>　　　　　　　　　　　　　　　　)<br>　　Plaintiff　　　　　　　　　　　)　　CRIMINAL ACTION NO: 18-10297-LTS<br>　　　　　　　　　　　　　　　　)<br>　　v.　　　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　)<br>DEREK MOORE,　　　　　　　　　)<br>　　　　　　　　　　　　　　　　)<br>　　Defendant　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　) | |

## MOTION FOR COMPASSIONATE RELEASE

The defendant, Derek Moore, respectfully moves this Court pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) to reduce his sentence to time served. As amended by the First Step Act, the compassionate release statute allows courts to reduce sentences for "extraordinary and compelling" reasons. Mr. Moore contracted COVID-19 shortly after arriving at Wyatt Detention Facility. This is particularly alarming because Mr. Moore has degenerative multiple sclerosis and it presents an extraordinary and compelling basis for sentence reduction.

### I.　Background

1. Mr. Moore has been convicted for Felon in Possession of a Firearm and Ammunition in violation of 18 U.S.C. § 922(g)(1);

2. His supervised release was revoked following a hearing on December 15, 2021 and he was sentenced to four months in custody;

3. He was sent to Wyatt Detention Facility to serve his sentence;

4. Given the length of his sentence, and BOP limitations on prisoner transfers due to the spread of COVID-19, it is fair to assume that he will serve his entire sentence at Wyatt;

5. Presently the United States is experiencing a surge in COVID-19 cases largely due to the highly contagious nature of the omicron variant;

6. There are many sick staff members and people in custody at Wyatt. Counsel viewed an

email from Warden Martin informing the Marshals that as of January 14, 2022, 50% of its staff were out sick and over **300 people** in custody had COVID-19;

7. Counsel requested Mr. Moore's medical records from Wyatt on January 14, 2022 and has not received them. This is likely due to staffing shortages;

8. Mr. Moore has degenerative multiple sclerosis. His decline in cognitive functioning and mobility was discussed at his revocation hearing;

9. The National Multiple Sclerosis Society states that having MS does not increase the likelihood of serious illness or death for many people with the illness who contract COVID-19, but lists certain factors increase that risk for a subset of MS sufferers. Moore has multiple factors. Specifically, he has heightened risk of serious illness or death because: 1) his MS is degenerative; 2) he is male; 3) he is black;[1]

10. Staff shortages creates an additional risk for all people detained at Wyatt;

11. If Mr. Moore is released, his wife has told Counsel that he could live with her.

## II. Discussion Regarding Court's Jurisdiction

### A. This Court has authority to consider Moore's motion.

18 U.S.C. § 3582(c)(1)(A)(i) permits courts to consider motions filed by the defendant if "the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf," or after "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]"As set forth below, exhaustion of administrative remedies should be waived in this case.

---

[1] National Multiple Sclerosis Society. "Multiple Sclerosis and COVID-19."
https://www.nationalmssociety.org/coronavirus-covid-19-information/multiple-sclerosis-and-coronavirus

### B. Moore should not be required to exhaust administrative remedies because an attempt to exhaust would be futile.

Normally, a defendant exhausts their administrative remedies by requesting that the warden of their BOP institution move for a reduced sentence on their behalf. If the request is denied or it remain pending for 30 days without a decision by the warden, the defendant can file their motion for a reduction in sentence directly with the district court. 18 U.S.C. § 3582(c)(1)(A). When a defendant is serving a prison term in an institution without a BOP warden, there is no warden to whom the defendant can address the initial request. Any attempt to exhaust administrative remedies would be futile and thus the normal exhaustion of administrative remedies is waived. *United States v. Jepsen*, No. 3:19-cr-00073-VLB (D. Conn. Apr. 1, 2020)(Court considered the merits of Mr. Jespsen's motion finding that he "exhausted available appeals of the administrative denial of his request for compassionate release" but was "essentially caught in a 'Catch-22' [where] neither the warden at Wyatt nor the BoP will consider his request because of his designation to Wyatt, a non-BoP facility."); *United States v. Gonzalez*, No. 2:18-CR-0232-TOR-15 (E.D. Wash. Mar. 31, 2020) (Court ruled on merits of compassionate release motion by Defendant serving federal sentence in county facility who had petitioned BOP and was told that they would not consider her request.)

Moore is serving his sentence in an institution without a BOP warden. This court is authorized to rule on his motion because any attempt to exhaust administrative remedies would be futile.

### C. Moore should not be required to exhaust administrative requirements because delay could impose serious health consequences.

Alternatively, this Court should excuse compliance with the typical administrative exhaustion requirements, which take at least 30 days and can go on much longer, given the documented and serious national emergency. *See Hendricks v. Zenon*, 993 F.2d 664, 672 (9th Cir. 1993) (*quoting Granberry v. Greer*, 481 U.S. 129, 134 (1987)) (recognizing that "exceptional

circumstances of peculiar urgency" can excuse exhaustion.) Waiver of any exhaustion of administrative remedies requirement is justified, given the extraordinary threat posed by the quickly spreading COVID-19 pandemic, particularly to prisoners in a high risk group who are confined in a detention facility where there are serious staff shortages. *United States v. Powell*, 94-cr-0316- ESH, (D.D.C. Mar. 28, 2020) (waiving exhaustion under § 3582(c)(1)(A) where the court found that "requiring defendant to first seek relief through the [BOP] administrative process would be futile"); *United States v. McCarthy*, No. 17-cr-0230-JCH (D.Conn. Apr. 8, 2020) (excusing exhaustion requirement because "[e]ven a few weeks' delay carries the risk of catastrophic health consequences" for prisoner in high risk group).

      Waiver of any administrative exhaustion requirement is justified here because of Moore's vulnerable medical condition, the alarming number of people in custody at Wyatt who have contracted COVID-19, and staff shortages which could present further risk of harm to people in custody.

                                                          Respectfully submitted,

                                                          */s/Keren Goldenberg*
Keren Goldenberg
BBO #657629
19A Alexander Ave.
Belmont, MA  02478
(617) 431-2701
keren@kgdefenselaw.com

Date: January 21, 2022

## Certificate of Service

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on this date, January 21, 2022.

/s/Keren Goldenberg
Keren Goldenberg